IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JERRY A. STEWART,                        )
                                         )
            Plaintiff,                   )
                                         )
       v.                                )      1:11CV477
                                         )
PROGRESSIVE CORPORATION and              )
BRIAN MONEY,                             )
                                         )
            Defendants.                  )

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendant Brian Money's Motion to Dismiss for Lack of Jurisdiction (Docket Entry 9) and Defendant Progressive Corporation's Motion to Dismiss for Insufficiency of Process and Service of Process and for Lack of Jurisdiction (Docket Entry 13). (See Docket Entry dated Nov. 3, 2011; see also 28 U.S.C. § 636(b)(1).) Plaintiff filed a response to Defendant Money's instant motion agreeing to Defendant Money's dismissal. (See Docket Entry 19 at 1.) Plaintiff's response to Defendant Progressive's instant motion noted that the dismissal of Defendant Money would moot Defendant Progressive's jurisdictional objection and explained Plaintiff's efforts at service of process. (See Docket Entry 17 at 1.) In reply, Defendant Progressive acknowledged that the Court had discretion to dismiss Defendant Money and that such action would moot its jurisdictional objection. (See Docket Entry 20 at 7.)

Further, at a hearing on the instant motions, counsel for Defendant Progressive agreed that the Court had discretion to

permit Plaintiff to correct any deficiencies in service of process.[1] At the end of the hearing, the undersigned Magistrate Judge stated that Defendant Money's instant motion should be granted and that Defendant Progressive's instant motion should be denied.[2] The undersigned Magistrate Judge further directed counsel for Defendant Progressive to file a notice as to whether his client would consent to service of process through its counsel. Defendant Progressive has complied with that directive by filing a notice indicating that it would not consent to service of process via its attorney, but that it would execute a waiver of service of process pursuant to Federal Rule of Civil Procedure 4(d). (See Docket Entry 22 at 1.) Further, Defendant Progressive stated that it had forwarded to Plaintiff the proper forms for accomplishing such waiver. (See id. at 2.)

**IT IS THEREFORE ORDERED** that the Minute Entry and Oral Order dated November 23, 2011, are amended to reflect that a recommendation to grant Defendant Money's Motion to Dismiss (Docket Entry 9) and to deny Defendant Progressive's Motion to Dismiss (Docket Entry 13) would be entered.

---

[1] That concession is consistent with the law. See Miller v. Northwest Region Library Bd., 348 F. Supp. 2d 563, 567 (M.D.N.C. 2004) (Beaty, J.) ("Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process . . . ."). Accord Lisson v. ING GROEP N.V., 262 Fed. Appx. 567, 571 (5th Cir. 2007); Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993).

[2] The Minute Entry and Oral Order docketed after the hearing incorrectly reflects that the instant motions were disposed of at the hearing; consistent with Section 636(b)(1), said Entry and Order should have reflected the undersigned Magistrate Judge's intention to enter a recommendation regarding the proper disposition of said motions.

**IT IS FURTHER ORDERED** that the Clerk shall mail Plaintiff a copy of Federal Rule of Civil Procedure 4 and the Complaint (Docket Entry 2).

**IT IS FURTHER ORDERED** that, on or before January 31, 2012, Plaintiff shall request that Defendant Progressive waive service under Federal Rule of Civil Procedure 4(d) by preparing a package containing the two copies of the waiver of service form forwarded to him by Defendant Progressive, a copy of the Complaint (Docket Entry 2), and a prepaid means of returning the waiver of service form to Plaintiff and by sending that package to: The Progressive Corporation, ATTN: Corporate Secretary, 6300 Wilson Mills Road, Mayfield Village, OH 44143.

**IT IS FURTHER ORDERED** that Plaintiff promptly shall file with this Court the executed waiver of service form returned to him by Defendant Progressive.

**IT IS RECOMMENDED** that Defendant Money's Motion to Dismiss (Docket Entry 9) be **GRANTED** and that Defendant Progressive's Motion to Dismiss (Docket Entry 13) be **DENIED**.

                                         /s/ L. Patrick Auld
                                               **L. Patrick Auld**
                                   **United States Magistrate Judge**
December 6, 2011